**196**

In the Matter of Merlvyn C.
IHEME, INS Detainee.

Civ. A. No. 93–0727.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

April 28, 1993.

Merlvyn C. Iheme, pro se.

### MEMORANDUM RULING

TRIMBLE, District Judge.

This matter has been reluctantly transferred to this court from the Eastern District of New York for lack of jurisdiction there because the so-called petitioner is a prisoner at the Federal Correctional Institution at Oakdale, Louisiana. The court in New York therefore has no jurisdiction over the custodian of the prisoner and no jurisdiction in this case. In view of the tenor of the "MEMORANDUM & ORDER" entered under No. 93 CV 1595 on the Eastern District docket, which was faxed to the undersigned and accompanied by a telephone call from a member of the author's staff advising that the undersigned should be made aware that the New York judge expected that his order be strictly adhered to, the undersigned has no difficulty whatever in understanding how the United States Attorney might feel that the "interest of justice" precluded its waiver of objection to the improper jurisdiction.

This court, at this writing, has received the faxed "record" which consists of the above mentioned memorandum and order, a letter dated April 16, 1993 from Jason Brown, AUSA, ED of NY, and a letter dated April 9, 1993 from Mr. Iheme, both letters being addressed to Judge Korman.

This court notes that on the letter from Mr. Iheme, Judge Korman has entered an order and supplied a caption, "Iheme v. Reno", in which he purports to treat the letter as a petition for writ of habeas corpus. 28 U.S.C. § 2242 requires that an application for writ of habeas corpus *shall* be in writing, signed and *verified* by the petitioner. Further, the application *shall* identify the *person* who has custody over the petitioner. The letter of Mr. Iheme to Judge Korman is lacking in both respects.

This court will not treat Mr. Iheme's letter as an application for writ of habeas corpus, as it does not comport with the mandatory requirements of the law. Further, there are filing formalities that include the payment of costs, or in default thereof, an order, based upon substantiating documentation, justifying waiver of costs because of indigent circumstances of the petitioner. As far as the "record" reveals, the cost requirements have not been addressed.

For the reasons stated herein, this "suit" will be dismissed, without prejudice to the rights of Mr. Merlvyn C. Iheme to apply for a writ of habeas corpus that complies with the rules pertaining to such applications. The "MEMORANDUM & ORDER" of Judge Edward R. Korman, dated April 27, 1993, and the order of Judge Korman that Mr. Iheme's letter be treated as a petition for a writ of habeas corpus will be vacated.

**THUS DONE.**